UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

NIGHT TAMBO,                                                                           Plaintiff,

v.                                                              Civil Action No. 3:23-cv-96-DJH

AMAZON.COM SERVICES, LLC and
LEE DOYLE,                                                                          Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Night Tambo sued Defendants Amazon.com Services, LLC and Lee Doyle in state court, asserting violations of the Kentucky Civil Rights Act (KCRA). (Docket No. 1-1) Defendants removed the case (D.N. 1) and now move to dismiss for failure to state a claim. (D.N. 7) Tambo opposes the motion (D.N. 9) and seeks remand. (D.N. 8) After careful consideration, the Court will grant the motion to remand and deny the motion to dismiss for the reasons explained below.

## I.

The following facts are set forth in the complaint. Amazon employed Tambo, a Black woman, "from January 10, 2022[,] until December 16, 2022." (D.N. 1-1, PageID.9 ¶ 4) During that period, Tambo was "racially mocked and" called "a 'f-ing n-word' and 'African n-word.'" (*Id.* ¶ 5) Tambo complained about her situation to managers, including Doyle, and Doyle subsequently terminated her. (*Id.* ¶¶ 6–7) Tambo then sued Defendants under the KCRA in Bullitt Circuit Court, asserting a retaliation claim against both defendants and a race-discrimination claim against Amazon. (*Id.*, PageID.9–10 ¶¶ 3, 8–11) Defendants removed the case to this Court pursuant to 18 U.S.C. § 1441(b), alleging complete diversity of citizenship and an amount in controversy exceeding $75,000. (D.N. 1, PageID.2–5 ¶¶ 7–18) They assert that Tambo "is a

1

citizen of Kentucky" and that Amazon is "a citizen of Delaware and Washington." (*Id.*, PageID.4 ¶¶ 14, 16) Defendants argue that Tambo fraudulently joined Doyle, also a Kentucky citizen, whose presence defeats complete diversity. (*Id.*, PageID.4–5 ¶ 17; *see* D.N. 1-1, PageID.9 ¶ 2) They also move to dismiss under Rule 12(b)(6). (D.N. 7) Tambo, however, asserts that the Court lacks subject-matter jurisdiction and that the case must therefore be remanded. (D.N. 8) Because the Court finds that remand is required, it will not reach the Rule 12(b)(6) arguments.

## II.

In considering a motion to remand, the Court must "determine whether the action was properly removed in the first place." *Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 495 (6th Cir. 2016) (quoting *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996)). "When removal is based on diversity grounds," the question is "whether complete diversity exist[ed] at the time of removal." *Id.* (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999)). Complete diversity arises "when 'all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation.'" *Id.* at 495–96 (quoting *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)). Following removal, if subject-matter jurisdiction is lacking, then the district court must "remand the case back to state court" pursuant to 28 U.S.C. § 1447(c). *See id.* at 495.

"Where a non-diverse party has been joined as a defendant—as [Doyle] was here—then 'the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined.'" *Cobble v. Yamamoto FB Eng'g, Inc.*, No. 3:16-CV-566-DJH, 2017 WL 88992, at *1 (W.D. Ky. Jan. 9, 2017) (quoting *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012)). In assessing Defendants' claim of fraudulent joinder, "[t]he relevant inquiry is whether [Tambo] 'had at least a colorable cause of action against' [Doyle] in Kentucky state

2

court." *Id.* at *1 (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). "If so, then [Doyle] was not fraudulently joined." *Id.* "Further, any disputed questions of fact and ambiguities in the controlling state law [will] be resolved in [Tambo's] favor," *Roof*, 641 F. App'x at 496 (cleaned up) (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)), and "all doubts are resolved against removal." *Patterson v. Husqvarna Pro. Prods. Inc.*, No. 4:23-CV-71-RGJ, 2024 WL 102942, at *1 (W.D. Ky. Jan. 9, 2024) (collecting cases).

Here, Tambo asserts a KCRA retaliation claim against Doyle. (D.N. 1-1, PageID.9–10 ¶¶ 8–9 (citing Ky. Rev. Stat. § 344.280)) Kentucky law provides: "It shall be an unlawful practice for a person . . . [t]o retaliate . . . in any manner against a person because [s]he . . . filed a complaint." § 344.280(1). Individuals may "be held liable . . . for retaliation." *Robinson v. Sealy, Inc.*, No. 5:20-CV-120-JMH, 2020 WL 3440936, at *3 (E.D. Ky. June 23, 2020) (citing § 344.280(2) and collecting cases). To make out a colorable claim of retaliation, Tambo must allege (1) that she engaged in a protected activity; (2) that Doyle took an adverse action against her; and (3) that there was a causal connection between the activity and the adverse action. *Cobble*, 2017 WL 88992, at *3 (citing *McBrearty v. Ky. Comty. & Tech. Coll. Sys.*, 262 S.W.3d 205, 212 (Ky. Ct. App. 2008)). "Moreover, Kentucky's less-burdensome pleading standard applies in evaluating whether [Tambo] pleaded a 'colorable' claim." *Robinson*, 2020 WL 3440936, at *2 (quoting *In re Darvocet*, 889 F. Supp. 2d 931, 940 (E.D. Ky. 2012)). "Kentucky emphasizes 'substance over form and discovery over pleadings.'" *Id.* (quoting *V.S. v. Commonwealth, Cabinet for Hum. Res.*, 706 S.W.2d 420, 425–26 (Ky. Ct. App. 1986)); *see Pete v. Anderson*, 413 S.W.3d 291, 301 (Ky. 2013) ("Kentucky is a notice pleading jurisdiction, where the 'central purpose of pleadings remains notice of claims and defenses.'" (quoting *Hoke v. Cullinan*, 914 S.W.3d 335, 339 (Ky. 1995))).

3

Tambo alleges that "[w]hile working for [Amazon], [she] was regularly subjected to race discrimination," claiming that she was "racially mocked and" called "a 'f-ing n-word' and 'African n-word.'"  (D.N. 1-1, PageID.9 ¶¶ 4–5)  She then complained to her manager, Doyle.  (*Id.* ¶ 6)  Contrary to Defendants' assertion (D.N. 11, PageID.80), reporting race discrimination to a manager constitutes protected activity under the KCRA.  *Cimbalo v. BASF Corp.*, No. 3:21-CV-309-DJH, 2022 WL 696798, at *2 (W.D. Ky. Mar. 8, 2022) (collecting cases); *see Robinson*, 2020 WL 3440936, at *3; *Cobble*, 2017 WL 88992, at *3.  Further, after Tambo complained, Doyle fired her (D.N. 1-1, PageID.9 ¶ 7), and termination is an adverse employment action for purposes of the KCRA.  *Brooks v. Lexington-Fayette Urb. Cnty. Hous. Auth.*, 132 S.W.3d 790, 802 (Ky. 2004) (quoting *Hollins v. Atl. Co., Inc.*, 188 F.3d 652, 662 (6th Cir. 1999)).

Defendants lastly contend that the complaint fails due to its reliance on "legal conclusions" (D.N. 11, PageID.81–82); this argument, however, ignores Kentucky's lenient pleading standard.[1] *See Robinson*, 2020 WL 3440936, at *2 (quoting *In re Darvocet*, 889 F. Supp. 2d at 940). Ultimately, Tambo's "complaint states that [she] felt discriminated against at work, [s]he reported this perceived discrimination to [Doyle] . . . , and [Doyle] terminated [her] employment thereafter." *Cobble*, 2017 WL 88992, at *3.  "Although the complaint provides minimal facts, it does provide at least enough to state a colorable cause of action against" Doyle, precluding a finding of fraudulent joinder.  *Id.*; *see Robinson*, 2020 WL 3440936, at *3 (finding a colorable claim of retaliation under similar facts); *Myers v. Red Classic Transit, LLC*, No. 4:19-CV-311-

---

[1] In arguing that Tambo's complaint fails to state a colorable claim of retaliation, Defendants cite *Casias*. (D.N. 11, PageID.82 (citing 695 F.3d at 433–34))  Specifically, Defendants assert that the facts here mirror those in *Casias*, a fraudulent-joinder case where the Sixth Circuit found removal proper.  (*Id.*)  But *Casias* involved the Michigan Medical Marihuana Act—not the KCRA.  *See* 695 F.3d at 431.  Moreover, *Casias* was removed from Michigan state court; therefore, the court did not apply Kentucky's pleading standards.  *See id.* at 433–34.  *Casias* is thus inapposite.

JMH, 2019 WL 6119213, at *6 (E.D. Ky. Nov. 18, 2019) (same).  Accordingly, remand is required. *Cobble*, 2017 WL 88992, at *3–4; *see Roof*, 641 F. App'x at 496.

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Tambo's motion to remand (D.N. 8) is **GRANTED**.  This case is **REMANDED** to Bullitt Circuit Court pursuant to 28 U.S.C. § 1447(c) and **STRICKEN** from this Court's active docket.

(2)    Defendants' motion to dismiss (D.N. 7) is **DENIED** as moot.

March 13, 2024

**David J. Hale, Judge**
**United States District Court**